**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (Miami)**

**CASE NO.: 1:19-cv-24218-CMA – Altonaga**

ANETTE BARNES, *et al.*, individually and on behalf of all other similarly situated,

**CLASS ACTION**

Plaintiffs,

v.

CS MARKETING LLC, *et al.*,

Defendants.
________________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S MOTION TO SEVER**

Pursuant to Fed. R. Civ. P. 20(a) and 21, Defendant USHEALTH Advisors, LLC ("USHA") moves this Court for the entry of an order severing the claims by Plaintiff Kentrell Hills against USHA.

## I. INTRODUCTION

Plaintiffs Annette Barnes, Melissa Cooper, Alfredo Cortes, Nancy Haddey, Kentrell Hills, Edward Moss, Desiree Niegsch, Maiquel Rodriguez, and Derek Williams ("Plaintiffs") filed a two-count Class Action Complaint (ECF 1) ("Complaint") against USHA and six (6) other unrelated defendants (referred to together as "Defendants"), indeed, competitors in the health insurance industry, for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") that were allegedly committed by a third party, All Web Leads, Inc. ("AWL"). Plaintiffs allege, in a single conclusory paragraph, that "the Defendants are vicariously liable for the calls placed by All Web Leads to Plaintiffs and proposed Class members because All Web Leads has testified under oath that it placed the calls at issue in this Complaint on behalf of

Defendants and for their intended benefit." Complaint at ¶ 142.[1] Although Plaintiffs' causes of action are lumped together against all of the Defendants, the allegations in the Complaint clearly show that each Plaintiff is bringing a claim against only one Defendant, as no Plaintiff alleges to have been contacted by more than one Defendant. The summary of these allegations are below:

- Melissa Cooper alleges that she was called by AWL on behalf of only CS Marketing LLC. Complaint at ¶¶ 44-51.
- Maiquel Rodriguez alleges that he was called by AWL on behalf of only Health Insurance Innovations, Inc. *Id.* at ¶¶ 52-59.
- Desiree Niegsch alleges that she was called by AWL on behalf of only Health Insurance Innovations, Inc. *Id.* at ¶¶ 60-67.
- Alfredo Cortes alleges that he was called by AWL on behalf of only Insurance Care Direct, Inc. *Id.* at ¶¶ 68-75.
- Edward Moss alleges that he was called by AWL on behalf of only Insurance Care Direct, Inc. *Id.* at ¶¶ 76-83.
- Derek Williams alleges that he was called by AWL on behalf of only Managed Benefit Services, LLC. *Id.* at ¶¶ 84-91.[2]
- Annette Barnes alleges that she was called by AWL on behalf of only MHP Insurance Solutions LLC. *Id.* at ¶¶92-99.
- Nancy Haddey alleges that she received a call from AWL on behalf of only Simple Health Plans LLC. *Id.* at ¶¶ 100-106.
- Kentrell Hills alleges that he received a call from AWL on behalf of only USHA. *Id.* at ¶¶ 108-115.

This summary shows that none of the Plaintiffs can plausibly allege that any Defendant is liable for the calls made on behalf of any other Defendant. Each named Plaintiff has attempted to allege a claim against only one named Defendant, and no others. Thus, Plaintiffs and Defendants

---

[1] The sufficiency of the Complaint's allegations will be challenged separately in a 12(b)(6) motion.
[2] The claims by Derek Williams against Managed Benefit Services, LLC were voluntarily dismissed pursuant to Fed. R. Civ. P. 41 on November 25, 2019, at which point Derek Williams ceased serving as a plaintiff in this action. *See* ECF 48.

are misjoined. This is also evident from the fact that when Plaintiffs gave notice of the voluntary dismissal of Defendant Managed Benefit Services LLC, Derek Williams – the only Plaintiff who made any allegations against Managed Benefit Services LLC – also notified the Court that "therefore [he will] no longer serve as a plaintiff in this action." ECF 48.

Clearly, each named Plaintiff is alleging a claim against only one named Defendant, not all of them together. Thus, USHA is not alleged to be liable for the calls made by or on behalf of any other Defendant, which makes sense, as Plaintiffs do not allege that AWL made calls on behalf USHA to any Plaintiff other than Kentrell Hills. In actuality, Plaintiffs have filed six (6) distinct class actions disguised as one, and have impermissibly joined themselves and Defendants in this action. "Thus, Plaintiffs seem to have attempted to create a new kind of group action, even though the basis for their claims is clearly individualized." *Ravin v. Hockman*, No. 06-22492-CIV, 2007 WL 29248, at *5 (S.D. Fla. Jan. 3, 2007).

Plaintiffs' claims, while related to the conduct of AWL, are independent of each other. Plaintiffs have not raised any right to relief against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, as is required for permissive joinder under Fed. R. Civ. P. 20(a). As a result of this misjoinder, the claims against USHA should be severed from this action pursuant to Fed. R. Civ. P. 21. Even if the Court finds that permissive joinder has properly been employed, the Court should still sever the action against USHA pursuant to the Court's broad discretion to do so because other considerations weigh heavily in favor of severance, including that it is likely that each Defendant will assert different defenses, adding factual and legal questions that are not common among all Defendants, the prejudice to USHA from potential confusion of the issues, and the attendant confidentiality and case management concerns that arise from requiring USHA to

proceed in this suit with their competitors as co-defendants, which will undoubtedly complicate discovery.

## II. <u>LEGAL STANDARD</u>

Rule 21 of the Federal Rules of Civil Procedure vests district courts with the authority to "sever any claim against a party" and further provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. Thus, under Rule 21, district courts "may sever any claim against a party and proceed with it separately." *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir.1983). It is well-settled that district courts have "broad discretion in granting a severance." *O'Neil*, 709 F.2d at 367; *see also Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir.2000) (same); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir.2010) ("[C]ourts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims."). "Before making the severance, the district court does not need to determine the merit of the second claim." *Rice*, 209 F.3d at 1016. Rather, so long as severance is appropriate, "the district court may exercise its discretion and sever it." *Id.*

Under the Federal Rules of Civil Procedure, "[a] district court may sever claims under Rule 21, creating two separate proceedings, so long as the claims are "discrete and separate." *Rice*, 209 F.3d at 1016. The "discrete and separate" rule for severance has its origins in Rule 20, which allows "joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d at 521 ("Since Rule 21 does not provide any standards [for misjoinder] courts have looked to Rule 20 for guidance.") (citations omitted). "In other words, one claim must be capable of resolution despite

the outcome of the other claim." *Id.* Thus, even where joinder of parties and claims is *permissible* under the Federal Rules, "district courts have the discretion to refuse joinder" and sever parties or claims. *Acevedo,* 600 F.3d at 521. Factors to be considered in determining whether to effectuate a severance include: (1) "the interest of avoiding prejudice and delay;" (2) "ensuring judicial economy,"; (3) "safeguarding principles of fundamental fairness"; and (4) "whether different witnesses and documentary proof would be required for plaintiffs' claims." *Id.* at 521–22. (citations omitted)

## III. PLAINTIFFS HAVE MISJOINED USHA TO THIS ACTION

Under Fed. R. Civ. P. 20(a), two elements must be established for joinder of parties to be permissible: "(1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact." *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1059 (S.D. Fla. 1997), *order clarified on reconsideration,* No. 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. Nov. 6, 1997). Plaintiffs' joinder here, of themselves and of Defendants, is defective because none of the Plaintiffs assert that the Defendants are jointly, severally or alternatively liable for the claims against each other Defendant, and because the claim against USHA does not arise out of the same transaction or occurrence that gives rise to the other claims against different Defendants. Thus, the first element is not met.

First, "Plaintiffs do not assert any right to joint or several relief; instead, each Plaintiff brings his or her respective claims and prayer for relief individually against one or more Defendants." *White v. Greenpoint Mortg. Funding Inc.*, No. 14-80452-CIV, 2014 WL 11370418, at *1 (S.D. Fla. June 26, 2014), *aff'd sub nom. White v. Bank of Am. Nat. Ass'n,* 599 F. App'x 379 (11th Cir. 2015). In other words, Plaintiffs' claims are discrete and separate from one another. *Rice,* 209 F.3d at 1016. This is obvious from the allegations in the Complaint, which show that

each Plaintiff alleges that he or she was allegedly called only on behalf of one Defendant, and no others. *See* Introduction, *supra*. And, while Plaintiffs make conclusory allegations for Defendants to be vicariously liable for AWL's calls made on behalf of a particular Defendant, i.e., that USHA would be vicariously liable for calls made by AWL on behalf of USHA, Plaintiffs do not and cannot assert that Defendants could be vicariously liable for calls made by AWL that were not made on their behalf, i.e., USHA cannot be liable for calls made on behalf of any other Defendant other than USHA. "Thus, because [this case is, essentially, [six (6)] unrelated actions pled in one Complaint . . . Plaintiffs' claims are improperly joined." *Id.*

Second, Plaintiffs claims do not arise from the same transaction or occurrence. "Whether claims arise from the same transaction, occurrence, or series of transactions or occurrences turns on whether a logical relationship exists among the claims." *White v. Greenpoint Mortg. Funding Inc.*, No. 14-80452-CIV, 2014 WL 11370418, at *1 (S.D. Fla. June 26, 2014), *aff'd sub nom. White v. Bank of Am. Nat. Ass'n*, 599 F. App'x 379 (11th Cir. 2015) (citing *Republic Health Corp. v. Lifemark Hosps. Of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claims." *Id.* (citing *Plant v. Blazer Fin. Servs., Inc.*, 598 F.3d 1356, 1361 (5th Cir. 1979)).

Once again, the allegations in the Complaint show that the claims do not arise out of the same transaction or occurrence. Each Defendant allegedly entered into their own "standard contracts under which Defendants paid All Web Leads to place autodialed telemarketing calls to consumers on their behalf and then transfer those calls to Defendants' representatives." Complaint

at ¶ 143. Although this is not true for USHA – it did not have a contract with AWL[3] – if it did, that contract would have no bearing on any contractual relationship between AWL and the other Defendants, and vice versa. Calls made pursuant to one contract with AWL, on behalf of one Defendant, are not logically related to calls made pursuant to a *separate* contract with AWL on behalf of a *different* Defendant.

In *White v. Greenpoint Mortg. Funding Inc*, twenty-four plaintiffs sought relief against twenty-six defendants, including mortgage lenders, mortgage services, and trustees of residential mortgage-backed securitization trusts, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, conspiracy, and declaratory relief. 2014 WL 11370418, at *1. However, none of the plaintiffs' claims related to the same mortgage transaction. *Id.* Rather, they arose out of the plaintiffs' respective and unrelated, individual mortgage transactions. *Id.* Therefore, the court held that because "the above-styled cause is, essentially, twenty-four unrelated actions pled in one Complaint . . . Plaintiffs' claims are improperly joined." *Id.* This case is similar to *White* because the calls allegedly made on behalf of USHA were made pursuant to an alleged contract between USHA and AWL, and no other Defendant. Complaint at ¶¶ 108-115, 143. The same is true for each other Defendant, so Plaintiffs' individual claims arise out of AWL's conduct related to Defendants' "respective and unrelated, individual" contracts with AWL, if any. This is further illustrated by the fact that, as alleged in the Complaint, when AWL called a consumer on behalf of a Defendant, AWL asked the consumer "a series of questions to determine whether [the consumer] met certain criteria specified by [the specific Defendant] in order to find out if [the consumer] was a qualified consumer to whom [the specific] Defendant could sell insurance."

[3] Plaintiffs acknowledge this in n. 6 of the Complaint, referencing AWL's relationship with an independently licensed insurance agent not employed by USHA.

Complaint at ¶¶ 47, 55, 63, 71, 79, 87, 95, 103, and 111. So, for example, when AWL allegedly made a call on behalf of CS Marketing LLC, AWL would ask the consumer a series of questions to determine whether the consumer met certain criteria specified by CS Marketing LLC – *not* USHA – in order to find out if [the consumer] was a qualified consumer to whom CS Marketing LLC – *not* USHA – could sell insurance. *See id.* at ¶ 47. The same analysis is true for calls made on behalf of every other Defendant. This case is essentially six (6) unrelated actions pled in one Complaint, (ECF 1), and the Court should find that the claims are improperly joined.

Plaintiffs will likely argue that each of the claims are logically related because they originated from AWL. But that is a red herring. The issues in each case are not similar. Except for the sole allegation that each defendant allegedly purchased leads from AWL, there is no relationship among the Defendants or even the claims of each Plaintiff against each respective Defendant. AWL's relationship, if any, with each of the Defendants will need to be separately analyzed. Issues of agency, if any even exist, need to be separately analyzed. Some Defendants, like USHA, had no relationship with AWL whatsoever. Others say they only purchased leads, but not live transfers. Simply working with the same lead provider, during different time periods, using different lead qualifications, and pursuant to their own respective contracts, does not connect these claims such that they arise out of the same transaction or occurrence.

## IV. OTHER CONSIDERATIONS SUPPORT SEVERANCE OF THE CLAIMS AGAINST USHA

Even if the Court finds joinder permissible, which the preceding discussion shows it should not, the Court nevertheless retains discretionary authority to sever USHA from this action. *See Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *2 (S.D. Fla. Mar. 17, 2014) (Altonaga) (citing *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013). "Indeed, under Rule 21, a district court has broad discretion when deciding whether to

sever claims and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Id.*

The considerations weighing in favor of severance here are case management, prejudice to the parties, fundamental fairness, and different witnesses and documentary proof. Defendants are competitors who should not have to share their proprietary and confidential business information with each other in order to defend this case against Plaintiffs who do not allege any claims against multiple Defendants. Requiring Defendants to share such information to defend against this action with its competitors in the health insurance industry, when there has been no showing, let alone allegations, of concerted action, would be fundamentally unfair. Discovery in this case will undoubtedly include inquiries into proprietary business information and processes, and USHA should not have to share this information with its competitors. This Court has considered this situation before in *Atlas IP* and found severance was appropriate. *Id.* The prejudicial effect of joinder of these competitors has already reared its head as a result of the Defendants being required to submit a joint motion to dismiss (if they chose to file one at all). Defendants have had to share strategies and tiptoe around the facts of each of their investigations so as to not provide any proprietary or privileged business information that could be used against them by their competitors in the future.

These attendant confidentiality concerns will also complicate discovery, and cause case management issues. *Id.* Additionally, each Defendant likely will also assert different defenses, thereby adding factual and legal questions that are not common among all Defendants. This is another reason that severance is appropriate. *See Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 169 (S.D.N.Y. 2012). Discovery will also be made unduly complicated by the inclusion of so many unrelated claims, because each claim will require different witnesses and

documentary evidence to support the claims and related defenses, and USHA will be burdened with substantial costs and expenses that it would not need to incur but for the misjoinder. *See Acevedo,* 600 F.3d at 521-522. For example, as the case is currently postured, USHA will need to depose, or at least appear at the deposition, for each Plaintiff (and possibly Defendant) even though only one Plaintiff makes any allegations against USHA. USHA would need to review discovery responses and productions from each Defendant and Plaintiff even though their claims should have no bearing on the claims against USHA. These unnecessary costs and expenses also include additional travel; every discovery dispute; every meet and confer; attending hearings; and engaging in motion practice that will be unrelated to the *one* Plaintiff with claims against USHA. This will surely increase the costs of summary judgment motions, pretrial motions, and all the way through trial, if there is one.

USHA will also be prejudiced by the confusion caused by being joined with the other Defendants. Why should the Court and potential jury have to deal with issues of fact and/or law that will be different as to each Defendant, in one case? Each case can proceed completely independent of the other. USHA should not have to worry about potential prejudice in the eyes of the jury because maybe one Defendant has worse facts than another. Further, how would the Court deal with the class certification related issues where USHA could only possibly be subject to the claims of putative class members that were transferred to USHA, if any? Regardless of whether joinder is proper, these considerations make severance appropriate in this case.

## V. CONCLUSION

As the foregoing has shown, both Plaintiffs and Defendants have been misjoined in this action, as no Plaintiffs assert a right to relief jointly, severally, or in the alternative against more than one Defendant, and the claims do no arise out of the same transaction or occurrence. Further,

pursuant to the Court's broad discretion to do so, severance is appropriate in the interest of avoiding prejudice and delay, to ensure judicial economy, to safeguard principles of fundamental fairness, and because different witnesses and documentary proof will be required to support the respective claims and defenses.

**CONFERENCE CERTIFICATION**

Pursuant to Local Rule 7.1, counsel for USHA has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 6, 2019

Respectfully submitted,

**GREENSPOON MARDER LLP**

BY: *_/s/ Gregg I. Strock_*
JEFFREY A. BACKMAN
Florida Bar No. 662501
GREGG I. STROCK
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com

*Attorneys for USHEALTH Advisors, LLC*