UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24218-CIV-ALTONAGA/Goodman

**ANNETTE BARNES**, *et al.*,

    Plaintiffs,
v.

**CS MARKETING LLC**, *et al.*,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court on Defendants' Joint Motion to Stay [ECF No. 60], filed December 10, 2019. This case turns in part on what constitutes an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA"). Defendants request the Court stay this case pending the issuance of guidance by the Federal Communication Commission ("FCC") governing what constitutes an ATDS under the TCPA; and the Eleventh Circuit's resolution of the appeal in *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499 (appeal filed October 24, 2018, oral argument held December 6, 2019), which also relates to what constitutes an ATDS. (*See generally* Mot.). The Court has carefully considered the Motion, Plaintiffs' Response in Opposition [ECF No. 68], Defendants' Reply [ECF No. 70], and applicable law.

    Recently, Magistrate Judge Jonathan Goodman entered an order staying *Reyes v. BCA Financial Services, Inc.*, No. 16-24077-Civ-Goodman, a similar TCPA case. (S*ee Reyes*, No. 16-24077-Civ, Order Granting Defendant's Motion to Stay Proceedings [ECF No. 200]). Judge Goodman stayed *Reyes* pending a ruling from the FCC clarifying the definition of an ATDS under the TCPA. (*See* Order). In his Order, Judge Goodman noted several judges in this District have

stayed similar TCPA suits while awaiting the FCC's promulgation of a revised definition of an ATDS. (*See id.* (citing *Buhr v. ADT, Inc.*, No. 18-80605-Civ, Order Granting Motion to Stay [ECF No. 40] filed July 25, 2018 (S.D. Fla. 2018); and *Secure v. Ultimate Fitness Group, LLC*, No. 18-20483-Civ, Order Granting Motion to Stay [ECF No. 64], filed March 18, 2019 (S.D. Fla. 2019)). On July 15, 2019, the undersigned followed suit in *Wijesinha v. Bluegreen Vacations Limited, Inc.*, No. 19-20073-Civ-Altonaga, and stayed that TCPA case pending the FCC's decision regarding the interpretation of an ATDS and the Eleventh Circuit's decision in *Glasser*, No. 18-14499. (*See Wijesinha*, No. 19-20073-Civ, Order Administratively Closing Case [ECF No. 81]).

It is well accepted that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (alteration added; citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). Furthermore, in the "interest of judicial economy" courts can "order a stay of [a] proceeding pending the outcome of [an] appeal." *Lozman v. City of Riviera Beach*, No. 08-80134-CIV, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011) (alterations added).

Plaintiffs brings this putative class action suit against Defendants for alleged violations of the TCPA, 47 U.S.C. section 227. (*See generally* Complaint [ECF No. 1]). Plaintiffs allege Defendants commissioned automated telemarketing calls to them and other class members without their prior express written consent, under an agreement between Defendants and All Web Leads,

2

Inc. ("AWL"), a company Defendants hired to make telemarketing calls on their behalf and for their benefit. (*See id.* 2).[1] The relevant section of the TCPA makes it unlawful for an entity:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* or an artificial or prerecorded voice –
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis and alterations added). Plaintiffs can only succeed — either individually or as representatives of a class — if Defendants placed the calls using an ATDS.

A threshold issue in this litigation is whether the equipment used falls within the definition of an ATDS. The parties disagree on this point. (*See* Resp. 9 ("Plaintiffs allege that All Web Leads testified under oath that it used a predictive dialing system of the sort that constitutes an ATDS under the TCPA."); Reply 2 ("AWL denied, at least twice, that their [sic] dialing systems satisfied the definition of ATDS under the TCPA . . . ." (alteration added)).

The TCPA defines the term "automatic telephone dialing system" as equipment that has the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B). The FCC is authorized to prescribe rules and regulations to implement the requirements of the TCPA, including the interpretation of the TCPA's terms. *See id.* at § 227(b)(2).

The FCC's orders regarding the definition of an ATDS have evolved over time and were

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

addressed in *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). In *ACA International*, the court discussed the FCC order *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (2015). *See id*. at 693. The court found the FCC's interpretation of an ATDS took the contradictory position "the 'basic function' of an autodialer is to dial numbers without human intervention, but a device might still qualify as an autodialer even if it cannot dial numbers without human intervention." *ACA Int'l*, 885 F.3d at 703. The FCC order's "lack of clarity about which functions qualify a device as an autodialer" led the court to set aside the FCC's treatment of those matters. *Id*.

Since *ACA International*, the FCC has twice sought public comment on how to interpret and apply the statutory definition of an ATDS. *See* FCC, *Consumer & Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, 83 Fed. Reg. 26284 (June 6, 2018); and FCC, *Consumer & Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Telephone Consumer Protection Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*, 2018 WL 4801356 (Oct. 3, 2018).

In addition to the impending FCC ruling, the Court's analysis of an ATDS may also be impacted by the Eleventh Circuit's decision in *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499 (*appeal filed* Oct. 24, 2018). In *Glasser*, the district court granted the defendant summary judgment in a TCPA suit because the system used to place phone calls by the defendant was not an ATDS. *See Glasser v. Hilton Grand Vacations Co., LLC*., 341 F. Supp. 3d 1305, 1314 (M.D. Fla. 2018). The defendant used a dialing system requiring a clicker agent to manually click a button to place calls. *See id*. at 1313.

The plaintiff's expert in *Glasser* argued the system was an ATDS notwithstanding the

clicker agent. *See id*. at 1313–14. The court disagreed, finding "the evidence shows that human intervention is necessary for numbers to be dialed" and the system is therefore not an ATDS. *Id*. at 1314. The plaintiff appealed the district court's decision, and "[t]he sole issue on appeal is whether the district court erred in granting summary judgment to [defendant] on the grounds that its 'IMC System' did not constitute an Automatic Telephone Dialing System as defined by the TCPA." (Brief for Appellant at 2, *Glasser v. Hilton Grand Vacations Co., LLC* (No. 18-14499), 2019 WL 268444 (alterations added)).

As noted by Defendants, if the FCC adopts a definition that provides — as the defendant in *Glasser* suggests — that to be an ATDS, equipment must (a) use a random or sequential number generator to store or produce numbers and dial those numbers without human intervention, or (b) that predictive dialers do not meet the statutory ATDS definition, that decision will bind the Court and may require dismissal or summary judgment in Defendants' favor. (*See* Mot. 6). As also noted by Defendants, because the claims raised in this case are premised on vicarious liability for claims Plaintiffs have already litigated and collected on against AWL in *Karpilovsky v. All Web Leads, Inc.*, Case No. 1:17-cv-1307 (N.D. Ill.), Plaintiffs will suffer little prejudice, if any, by a brief stay. (*See* Reply 5–6). The calls for which Plaintiffs seek to hold Defendants vicariously liable were all made to telephone numbers provided by the Plaintiffs on AWL's website rather than from any random or sequential lists generated by AWL's dialer; if such calls are not deemed a violation of the TCPA, the case will be over. (*See id*. 7–8). The parties and the Court would certainly benefit from a clarification of the definition of an ATDS.

Consequently, the Court uses its broad discretion to stay the case. The period for public comment on the issue has closed and the FCC ruling on the interpretation of the definition of an ATDS is expected to be forthcoming. The appeal in *Glasser* is ripe for review. Given the impact

these decisions are likely to have on this case, the prudent course is to join the courts in *Secure*, *Buhr*, and *Reyes* — as well as the undersigned's decision in *Wijesinha* — and stay this action.

Accordingly, to conserve the parties' and judicial resources, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Joint Motion to Stay **[ECF No. 60]** is **GRANTED**. The case is **STAYED** pending the FCC's decision regarding the interpretation of an ATDS and the decision in *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499 (*appeal filed* Oct. 24, 2018).

2. The parties are required to file a status report within one week of the FCC decision and shall also provide the Court with status updates regarding the appeal every 60 days beginning **March 2, 2020**.

3. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of January, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record